IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA and
R. L. WILLETT, Revenue Officer,
Internal Revenue Service,

       Petitioners,                No. 2:10-mc-00101 JAM KJN

     v.

RODNEY W. HALL,

       Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

       This matter was heard by the undersigned on January 13, 2011, as a result of an order to show cause ("OSC") entered October 12, 2010, which ordered respondent to show cause why he should not be compelled to obey the summons issued by the Internal Revenue Service ("IRS") on June 9, 2010, pursuant to 26 U.S.C. § 7602.[1]  (OSC, Dkt. No. 3.)  Assistant United States Attorney Yoshinori H. T. Himel appeared on behalf of petitioners, and Revenue Officer R. L. Willett was also present at counsel's table.  Respondent did not file a written response to the OSC, but appeared at the hearing.  Although the parties have agreed to meet and respondent

---

[1] This matter is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(9) and 28 U.S.C. § 636(b)(1).  Subject matter jurisdiction is proper under 28 U.S.C. §§ 1340 and 1345.

1

has agreed to respond to the IRS summons and appear before Revenue Officer Willett, the undersigned recommends that the IRS summons issued to respondent be enforced.

I.      Respondent's Agreement to Respond to the Summons and Appear

At the January 13, 2011 hearing, respondent stated that he does not oppose enforcement of the IRS summons and confirmed petitioners' representation that respondent intends to comply with the IRS summons. The parties have scheduled two meetings. First, respondent agreed to meet with Revenue Officer Willett in the courthouse immediately after the hearing on January 13, 2011. Second, respondent confirmed the parties' agreement that respondent will appear on Monday, January 24, 2011, at 10:30 a.m., at the IRS offices at 4830 Business Center Drive, Suite 250, Fairfield, California 94534, before Revenue Officer R. L. Willett or her designated representative.

The court appreciates the parties' cooperation in regards to the IRS summons. Nevertheless, the undersigned recommends that the IRS summons be enforced.

II.     Enforcement of the IRS Summons

Revenue Officer Willett is conducting an investigation of respondent to determine respondent's "ability to pay his delinquent U.S. individual income taxes for the tax year ending December 31, 2006." (Verified Petition ¶ 4, Dkt. No. 1.) On June 9, 2010, the IRS issued a summons directing respondent to appear at the IRS's Fairfield, California field office on June 24, 2010, and testify and produce documents called for in the summons.[2] (Id. ¶ 8 & Ex. A.) Respondent did not appear or otherwise comply with the summons. (See id. ¶ 9.)

Petitioners subsequently filed the pending verified petition seeking enforcement of the June 9, 2010 IRS summons. The undersigned subsequently entered the OSC, which ordered respondent show cause why he should not be compelled to obey the summons. In the OSC, the undersigned found that petitioners had met their burden "to establish that the summons (1) was

---

[2] At the January 13, 2011 hearing, respondent confirmed that he had been served with the summons.

issued pursuant to a 'legitimate purpose'; (2) seeks information 'relevant' to that purpose; (3) seeks information that is 'not already within the Commissioner's possession'; and (4) satisfies all 'administrative steps required by the Code.'" Stewart v. United States, 511 F.3d 1251, 1254 (9th Cir. 2008) (quoting United States v. Powell, 379 U.S. 48 (1964)). (See OSC at 2-3.) The undersigned further informed respondent that because petitioners had met their initial burden with respect to obtaining enforcement of the summons, the burden had shifted to respondent to oppose enforcement. (Id.) Respondent could successfully oppose enforcement of the summons and obtain a limited evidentiary hearing by demonstrating "'an abuse of process' or 'the lack of institutional good faith.'" Stewart, 511 F.3d at 1255 (quoting Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995)). Respondent has not made such a showing or offered any opposition or argument in this regard and, therefore, has not met his burden to show why the summons should not be enforced. Indeed, at the hearing respondent stated that he did not oppose enforcement of the summons. Accordingly, the undersigned recommends that the IRS summons be enforced.

III.   CONCLUSION

      For the foregoing reasons, it is HEREBY RECOMMENDED that:

      1.   The IRS summons issued to respondent, Rodney W. Hall, be enforced.

      2.   Although the parties' agreed upon date for meeting will occur prior to the expiration of the objection period that pertains to these findings and recommendations, respondent be ordered to appear at the IRS offices at 4830 Business Center Drive, Suite 250, Fairfield, California 94534, before Revenue Officer R. L. Willett, or her designated representative, on Monday, January 24, 2011, at 10:30 a.m., or at a later date to be set in writing by Revenue Officer Willett, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons, the examination to continue from day to day until completed.

////

The Clerk of Court is directed to serve these findings and recommendations, and any future orders, by mail to Mr. Rodney W. Hall, 1395 N. Lincoln Street, Apt. 1223, Dixon, California 95620.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: January 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE